NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0761n.06

No. 15-5152

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Nov 19, 2015 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| KEVIN DWAYNE THOMPSON, aka | ) | TENNESSEE |
| "Clump," | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; SUTTON, Circuit Judge; BELL, District Judge.[*]

PER CURIAM. Kevin Dwayne Thompson appeals his sentence. We affirm.

A federal grand jury returned a multi-defendant, multi-count third superseding indictment charging Thompson with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Thompson pleaded guilty to this charge, which arose from selling a stolen handgun to a confidential source. Thompson's presentence report set forth a total offense level of 30 and a criminal history category of IV, corresponding to a guidelines range of 135 to 168 months of imprisonment. Thompson's three prior convictions for serious drug offenses made him subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Because the statutory mandatory minimum exceeded the maximum of the

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

otherwise applicable guidelines range, Thompson's guidelines sentence became 180 months of imprisonment. *See* USSG § 5G1.1(b).

Prior to sentencing, the government filed a motion for a downward departure based on Thompson's substantial assistance pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. Thompson argued at sentencing that the district court's starting point for calculating a downward departure should be 135 months, the low end of the otherwise applicable guidelines range, and not the ACCA's 180-month mandatory minimum. The district court disagreed and stated that "the starting point is the guideline, and here the guideline is [the] mandatory minimum sentence." (Page ID # 11689). Granting the government's motion for a downward departure, the district court determined that a 33% reduction from the ACCA's 180-month mandatory minimum was appropriate, taking into account the ten-year statutory maximum without the armed career criminal enhancement, and arrived at an offense level of 27 and a guidelines range of 100 to 125 months of imprisonment. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Thompson to 100 months of imprisonment to be served concurrently with outstanding state sentences.

On appeal, Thompson contends that the district court erred by using the ACCA's 180-month mandatory minimum as the starting point for the downward departure rather than the otherwise applicable guidelines range. We review de novo this question of law. *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002).

Thompson's argument is foreclosed by this court's precedent. Where the statutory mandatory minimum sentence exceeds the maximum of the otherwise applicable guidelines range, "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Id.* at 332. In this situation, the mandatory minimum sentence *is* the guidelines sentence. *Id.*; *see* USSG § 5G1.1(b).

Thompson argues that this approach results in a double punishment for his designation as an armed career criminal by first enhancing his offense level under USSG § 4B1.4 and then applying the statutory mandatory minimum. Without the government's motion for a downward departure, however, Thompson was subject to only one punishment: the 180-month mandatory minimum. This court recognized in *Stewart* that using the otherwise applicable guidelines range as the starting point for a downward departure "would afford defendants a *double benefit* by first permitting them to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range." 306 F.3d at 332 (emphasis added).

According to Thompson, *Stewart* is no longer controlling precedent based on recent amendments to USSG § 1B1.10. However, that policy statement and the cases cited by Thompson involve sentence reductions under 18 U.S.C. § 3582(c)(2) as a result of an amended guidelines range, not original sentences.

Thompson also contends that using the otherwise applicable guidelines range as the starting point for the downward departure is appropriate to account for his acceptance of responsibility and his non-violent history. After applying the 33% downward departure, the district court considered these and other mitigating factors to further reduce Thompson's sentence.

Thompson's citation to *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and other cases involving the ACCA's residual clause, is misplaced. The ACCA applied to Thompson because of his three prior convictions for serious drug offenses and not for any violent felonies under the residual clause.

The district court properly used the ACCA's 180-month mandatory minimum as the starting point for calculating the downward departure. Accordingly, we affirm Thompson's sentence.